IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB 1 8 2022
CLERK, U.S. DISTRICT COURT
By_____ Deputy

| | |
|---|---|
| DEONTAE CALDWELL, TDCJ-CID No. 01903202, | § § § |
| Plaintiff, | § § |
| v. | §  2:19-CV-021-Z-BR |
| BRITTNEY MILLER *et al.*, | § § § |
| Defendants. | § |

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT

Before the Court is Plaintiff's civil rights complaint brought pursuant to 42 U.S.C. § 1983 against the above-referenced Defendants (ECF No. 3) ("Complaint"), filed January 23, 2019. Plaintiff filed suit *pro se* while incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. Plaintiff was granted permission to proceed *in forma pauperis*. For the reasons discussed herein, the Court **DISMISSES** Plaintiff's Complaint **WITH PREJUDICE**.

### FACTUAL BACKGROUND

Plaintiff, a repeat filer in this Court, once again makes claims that are difficult to piece together. ECF No. 3 at 4–13. Plaintiff's claims in this lawsuit overlap his claims in two other lawsuits in this Court: Case Nos. 2:19-cv-018 and 2:19-cv-019. In those cases, Plaintiff alleged TDCJ staff spread misinformation about Plaintiff and his family over "walkie talkie." *See Caldwell v. Ramirez*, No. 2:19-cv-018; *Caldwell v. Miller*, No. 2:19-cv-019. In this lawsuit, Plaintiff lists

additional TDCJ personnel who he alleges engaged in this behavior and repeats prior claims made in his prior lawsuits. ECF No. 3 at 3–4.

### LEGAL STANDARD

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C.§ 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

### ANALYSIS

A complaint that duplicates claims asserted in an earlier action may be deemed malicious and subject to summary dismissal. *See Brock v. Cockrell*, No. 3-03-CV-0340-M, 2003 WL 21418792, at *1 (N.D. Tex. Mar. 26, 2003. Plaintiff's lawsuit is duplicative of his previous lawsuits identified herein. Consequently, Plaintiff's claims against Defendants should be summarily dismissed as duplicative under 28 U.S.C. § 1915A(b). *See also Pitman v. Moore*, 980

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).
[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire."). Dismissals may also be based on adequately identified or authenticated records. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

F.2d 994, 995 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989). The Court **DISMISSES** Plaintiff's Complaint as frivolous **WITH PREJUDICE**.

### CONCLUSION

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), the Court **ORDERS** Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE** as frivolous.

**SO ORDERED.**

February 18, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE